UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------X
KIRK EADY,
    Plaintiff,

        v.                CASE No. 17-CV-13483 (ES)

TAPFURY LLC;
TAPFURY, INC.;
PRANKDIAL, LLC;KICKBACK, INC.,
FAHIM SALEH, INDIVIDUALLY;
JOHN DOE No. 1 THROUGH 10
(NAME BEING GENDER NEUTRAL
AS TRUE IDENTITY IS UNKNOWN),
    Jointly and Severally,
    Defendants.
------------------------------X

<u>SECOND AMENDED COMPLAINT AND JURY DEMAND</u>

KIRK EADY ("Plaintiff"), c/o LAW OFFICES OF THOMAS R.

ASHLEY, ESQ., County of Essex, State of New Jersey, complains of

the defendants and say:

**PARTIES**

1.    At all times relevant Plaintiff was a citizen of the State

    of New Jersey residing and conducting business in the State

    of New Jersey.

2.    At all times relevant Defendants TAPFURY LLC; TAPFURY,

    INC.; PRANKDIAL, LLC; KICKBACK, INC. (collectively

    "Seller") were New York domestic for-profit companies,

    authorized to conduct business in the State of New York,

    engaged in the design, manufacture, marketing and sales of

wire and telephonic computer programs under the trade-name of "Evil Operator."

3. At all times relevant Defendants TAPFURY LLC; TAPFURY, INC.; PRANKDIAL, LLC; KICKBACK, INC.; (collectively "Seller") were New York domestic for-profit companies, which conducted business in and throughout the United States, including but not limited to New Jersey through internet marketing and sales of wire and telephonic computer programs under the trade-name of "Evil Operator."

4. At all times relevant Defendant FAHIM SALEH ("Saleh") is an individual residing in New York and the principal owner/operator of Defendants TAPFURY LLC; TAPFURY, INC.; PRANKDIAL, LLC; KICKBACK, INC.

5. Saleh is the registered agent for service of process for Defendants TAPFURY LLC; TAPFURY, INC.; PRANKDIAL, LLC with an address of 32-02 34th Avenue Apartment 1B, Astoria, Queens, NY 11106 and 330 West 38th Street, Suite 1704, New York, NY 10018.

6. Brill Legal Group, P.C. is the registered agent for service of process for Defendant, KICKBACK, INC.with an address of 150 Motor Parkway, Suite 401, Hauppauge, New York, 11788.

7. Saleh is the alter ego of and for Defendants TAPFURY LLC; TAPFURY, INC.; PRANKDIAL, LLC; and KICKBACK, INC.

8.   Doe Entities No. 01-10 ("Doe") are fictitious defendants, who are entities and/or individuals whose true identity is unknown to Plaintiff but whose identity may be revealed during the period of discovery that will occur relative to this action, and who may be liable for Plaintiff's damages as referenced herein.  Such individuals/entities may include but are not necessarily limited to brokers, salespeople, agents, managers, owners, technicians, shareholders, agents, independent contractors, customer service representatives, contractors, inspectors, engineers, designers, architects and the like.

9.   The Doe defendants constitute individuals, parties, parents, subsidiaries, employees and/or agents of the named defendants and it is intended that such individuals and other entities will be more particularly identified in the amendments to pleadings following completion of discovery.

10.  For brevity's sake and where appropriate, all of the defendants referenced above shall hereafter be collectively referred to as "defendants."

11.  Unless otherwise specified, all allegations and counts set forth below are directed against all defendants named herein, fictitious or otherwise.

## SUBJECT MATTER JURISDICTION

12.   This court has subject matter jurisdiction in accordance
      with 28 U.S.C. §§1331, 1337, and 47 U.S.C. § 227.

            In addition, pursuant to 28 U.S.C. § 1332(a) the court
      has subject matter jurisdiction of this complaint and the
      parties herein based on a diversity of citizenship and the
      amount in controversy exceeding $75,000.

### VENUE

13.   Plaintiff lays venue in the United States District Court,
      District of New Jersey, due to the actions and conduct
      complained of having occurred New Jersey.

## BACKGROUND FACTS

14.   Defendants own, market and sell the computer operating
      system commonly known as "Prankdial" primarily through
      internet advertisements throughout the United States,
      including New Jersey.

15.   Prankdial operates an internet website which provides
      paying customers with the ability (through a program called
      "Evil Operator") to originate and then monitor two people
      surreptitiously by making the telephone calls appear as
      though one or both people, and not the website customer,
      originated the telephone call. The originator of the

4

telephone call also has the ability to surreptitiously record the telephone communication unbeknownst to the other **parties.**

16. Defendants advertised that EVIL OPERATOR "Connect(s) two friends into a phone conversation making them think they called each other! Record the call and share the recording with friends. One free call a day! Tokens can be shared with the PrankDial app."

17. On or about March 01, 2012 plaintiff viewed the Prankdial advertisements and internet solicitations as to the features and operation of Evil Operator.

18. In part these advertisements and solicitations stated that since entering the Android market in February 2010, PrankDial quickly became a top-performing app with 4 million downloads and 1 million monthly active users. Out of the millions of apps in the Android market, it was ranked in the top 100 as an overall app and top 25 in the entertainment category.

19. Additionally it was represented to the plaintiff by the defendants that in terms of recording calls without consent, New Jersey and the federal government allow for recording of calls if at least one party consents to it and that the Prankdial customer is deemed to be a "party" to

the communication, because he originates the communication, even if his presence is unknown to the other parties.

20.   Prankdial further asserted that under federal and New Jersey law "the person initiating the call (is deemed by Prankdial) to be the consenting party. It is in violation of our Terms of Service to record calls in states that require consent of all parties. We monitor this by asking the user to verify they are not sending calls to those states before we allow recording."

21.   The defendants also asserted that "PrankDial is a fun and harmless product, which (has) garnered a huge following."

22.   Finally, Prankdial stated that under federal law use of Evil Operator to monitor and record wire communication without the knowledge and consent of the other parties to the communication was legal and permissible because: "Under the Electronic Communications Privacy Act, 18 U.S.C. § 2511(2)(d), it is permissible to record any telephone conversation with the consent of one of the parties. PrankDial considers the person initiating the call as the consenting party (they must check off a box agreeing to record the call). By attaining this consent, PrankDial is able to record calls in all single party consent states. However, there are some states that require the consent of all of the parties on the call in order to record the

telephone conversation. It is in violation of PrankDial's
Terms of Service to record calls in these states (CA, PA,
FL, IL, MI, WA, MD, CT, NV, NH or MT)."

23. Defendants and each of them held themselves out to
Plaintiffs and the general public as experts in the field
of lawful goods design and construction.

24. Plaintiff, to his detriment, reasonably relied on the above
warranties and representations as being accurate and true.

25. Defendants, and each of them, did engage in unlawful
practices and deceptive conduct including but not limited
to holding themselves out as professionals and skilled in
their field, knowingly misrepresenting that Evil Operator
was lawful to use and employ in New Jersey and not in
violation of federal law.

26. On or about March 01, 2012 Plaintiff and defendants entered
into a contract ("contract") for plaintiff to have access
to and to utilize Prankdial and the Evil Operator program
by providing plaintiff with a unique and confidential
access code ("goods").

27. The sale to Plaintiff of access to the Evil Operator
program constitutes the sale of "goods."

28. During the period March 01, 2012 through July 30, 2012
plaintiff utilized the Evil Operator program several times

in New Jersey in the method and manner intended by the
defendants and as advertised.

29. On or about May 19, 2014, and solely and exclusively as the
result of plaintiff using Evil Operator in the manner
intended by the defendant, plaintiff Eady was charged and
indicted by the Office of the United States Attorney for
the District of New Jersey in a one count indictment with:
"(f)rom on or about March 8, 2012 to on or about July 8,
2012, in Hudson County, in the District of New Jersey, and
elsewhere, defendant Kirk Eady intentionally intercepted,
endeavored to intercept and procured another person to
intercept and endeavor to intercept the wire, oral, and
electronic communication of others,"  the foregoing
contrary to and in violation of 18 U.S.C. §§ 2,
2511(1)(a)."

30. 18 U.S.C. § 2511(1)(a) states in pertinent part: "Except as
otherwise specifically provided in this chapter any person
who – (a) intentionally intercepts, endeavors to intercept,
or procures any other person to intercept or endeavor to
intercept, any wire, oral, or electronic communication . .
. shall be [guilty of a federal offense]."

31. Trial by jury commenced before the Hon. Jose L. Linares,
U.S.D.J. on March 09, 2015, and concluded on March 13,

2015, with the jury rendering a guilty verdict on the above **single Count.**

32.   On September 10, 2015, defendant was sentenced to a term of imprisonment of 22 months on the Count One guilty verdict.

33.   Thereafter, as a direct result of said criminal conviction, plaintiff was discharged from his employment with the County of Hudson as Deputy Director of the Hudson County Correctional Facility and also had forfeited his vested pension rights.

34.   Plaintiff's criminal conviction was affirmed on appeal to the United States Court of Appeals for the Third Circuit.

35.   As a direct and proximate result of said conduct, Plaintiff has suffered substantial and ascertainable damages of no less than $10,000,000, and suffered great emotional distress and mental anguish.

36.   **The contract was entered into in Hudson and Middlesex counties, New Jersey.**

37.   At all times relevant hereto defendants, and each of them, is a merchant in the goods offered for sale to and accepted by the plaintiff.

38.   The sale of the goods to Plaintiff involved an unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation by defendants against Plaintiff, consisting but not limited to the

following: that during and in relation to the promotion, marketing and sale of the goods defendants stated, in sum and substance, that the goods were "lawful and legal to use in New Jersey under both State and federal law."

39. Defendants knowingly concealed, suppressed or omitted material facts from Plaintiff regarding the goods, with intent that Plaintiff rely upon same.

40.  Defendants knowingly misrepresented material facts to Plaintiff regarding the goods, with intent that Plaintiff rely upon same.

41. Those material facts include but are not limited to the following: the goods were illegal and hazardous *per se*, presented a substantial likelihood that the goods would not legally function and operate as promised or in the manner that Plaintiff reasonably expected regarding the operability of the goods when used by Plaintiff or Plaintiffs' patrons, guests, and invitees and rendered the goods not fit for the purpose intended by Plaintiff and known by defendants.

42. The goods, and many of its features and operating systems were defective, inoperable or do not operate as warranted, rendering the goods unusable and tantamount to being operable legally upon being placed in service for use by

Plaintiff and with Plaintiffs' guests, patrons and invitees.

43. This aforenoted action and conduct by defendants, and each of them, was contrary to and in violation of the express warranty issued by defendants to Plaintiff.

44. The aforenoted action and conduct by defendants, and each of them, was contrary to and in violation of the implied warranty issued by defendants to Plaintiff.

45. The goods were negligently designed and/or manufactured by Defendants, as evidenced by the foregoing facts and as may appear during the course of discovery.

46. If the Plaintiff had known about the above-described defect(s) at the time of purchase, Plaintiff would not have purchased the goods.

47. The design and assembly of the goods, containing the hereinbefore described legal defect(s), violate federal law regarding the warrantless interception of wire communications.

48. Defendant Saleh has utilized and misused the defendants TAPFURY LLC, TAPFURY, INC., PRANKDIAL, LLC and KICKBACK, INC. to perpetrate the above fraud, and to accomplish and perpetrate the above crimes, or otherwise to evade the law.

49. Defendants deliberately undertook the above actions and conduct in bad faith.

11

50. Plaintiff retained an attorney and brings this action to recover damages associated with the aforesaid misconduct by defendants, and each of them.

51. Each of the aforenoted paragraphs is incorporated by reference and repeated and restated in each of the following Counts, as if fully set forth therein *verbatim*.

**COUNT ONE**

**(BREACH OF CONTRACT)**

52. Plaintiff is/was in contractual privity with Defendants.

53. Plaintiff performed all of Plaintiff's obligations under the contract.

54. Defendants violated the contract by failing to perform obligations under same and/or misrepresenting those obligations to Plaintiff under same.

55. The aforesaid breach was material in nature.

56. As a result of the aforesaid breach, Plaintiff sustained damages.

**WHEREFORE**, Plaintiff demands judgment against all defendants jointly and/or severally for: (1) Actual damages in the amount of the total contract price or all monies paid to date thereon; (2) The remedies provided for under any state and/or federal statutes plead herein, statutory treble

damages, the equitable remedies provided for under the New Jersey Consumer Fraud Act and/or under the common law relative to defrauded persons and/or pursuant to N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable consequential, incidental, nominal and expectation damages; and (4) Lawful interest, court costs, attorney's fees and such other and further relief as the court shall deem equitable and just.

## COUNT TWO

### (VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

57. This count is directed against the Defendants.

58. Plaintiff is/was in contractual privity with the defendants.

59. Covenants of good faith and fair dealing arise when parties enter into contracts such as those at issue in the instant matter and such covenants in fact arose in the instant matter.

60. At all times relevant hereto, Plaintiff acted in good faith and yet, defendants failed to act in good faith when rendering performance under the contract binding the parties and/or by failing to render timely and/or valid and/or effective performance and/or by failing to render full and complete performance under the express and implied warranties/guarantees and/or by concealing or

misrepresenting the respective parties' obligations and/or duties under same.

61. Defendants' actions as aforesaid violate the covenants of good faith and fair dealing that arose relative to the transaction and/or any express and/or implied warranties that defendants issued to Plaintiff.

62. As a result of defendants' conduct as aforesaid, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants, Inc. for:  (1) Actual damages in the amount of the total contract price or all monies paid to date thereon; (2) The remedies provided for under any state and/or federal statutes plead herein, statutory treble damages, the equitable remedies provided for under the New Jersey Consumer Fraud Act and/or under the common law relative to defrauded persons and/or pursuant to N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable consequential, incidental, nominal and expectation damages; and (4) Lawful interest, court costs, attorney's fees and such other and further relief as the court shall deem equitable and just.

### COUNT THREE

### (VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT)

63. This count is directed against all defendants.

64. Plaintiffs and each of them is a "person" as defined by

N.J.S.A. 56:8-1(d).

65.  Defendants and each of them is/are "merchants/persons" as
     defined by N.J.S.A. 56:8-1(d).

66.  The goods is "merchandise" as defined by N.J.S.A. 56:8-
     1(c).

67.  The sale of the goods to Plaintiffs was a "sale" as defined
     by N.J.S.A. 56:8-1(e).

68.  Accordingly, under the facts alleged in this complaint,
     Plaintiffs and each of them is a consumer entitled to the
     protection and remedies provided for by N.J.S.A. 56:8-1, et
     seq.

69.  Defendants and/or defendants' agents and/or brokers and/or
     independent contractors and/or salespeople and/or employees
     and/or representatives and/or servants and/or workmen
     engaged in an unconscionable commercial practice,
     deception, fraud, false pretense, false promise or
     misrepresentation against plaintiff.

70.  Defendants knowingly concealed, suppressed or omitted
     material fact(s) from Plaintiffs with intent that Plaintiff
     rely upon same.

71.  Plaintiff in fact reasonably relied upon the aforesaid
     concealment and/or omissions of material fact to
     Plaintiff's detriment.

72.  The aforesaid misrepresentations were material to the

transaction at issue.

73. As a result of defendants' aforesaid misconduct, Plaintiffs sustained an ascertainable loss capable of being calculated with a reasonable degree of certainty.

74. In light of the aforesaid, defendants, and each of them, and/or their employees and/or servants and/or agents violated N.J.S.A. 56:8-1, et seq.

75. Defendants' conduct also constituted violations of applicable provisions of New Jersey Statutes, the New Jersey Administrative Code, the federal statutes pled herein and/or the Code of Federal Regulations.

76. Prior to filing suit, Plaintiffs propounded a demand upon the defendants named herein to make Plaintiffs whole and defendants refused to comply therewith.

77. As set forth on the certification(s) annexed to this pleading, Plaintiff complied with the requirements of N.J.S.A. 56:8-20, et seq.

78. Plaintiff brings this action pursuant to N.J.S.A. 56:8-19 and in accordance therewith, seeks statutory treble damages, attorney's fees and court costs.

**WHEREFORE**, Plaintiff demands judgment against all defendants named to this count jointly and/or severally for: (1) Actual damages in the amount of the total contract price or all monies paid to date thereon; (2) The remedies provided

16

for under any state and/or federal statutes plead herein,
statutory treble damages, the equitable remedies provided for
under the New Jersey Consumer Fraud Act and/or under the
common law relative to defrauded persons and/or pursuant to
N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable
consequential, incidental, nominal and expectation damages;
and (4) Lawful interest, court costs, attorney's fees and such
other and further relief as the court shall deem equitable and
just.

### COUNT FOUR

#### (RESCISSION OF CONTRACT THAT WAS THE PRODUCT OF FRAUD)

79.     This count is directed against all defendants.

80.     Defendants, intentionally or otherwise, made false and
misleading statements of fact to Plaintiff relative to the
goods and Plaintiffs relied upon the aforesaid statements
to Plaintiff's detriment.

81.     In sum, Plaintiff was fraudulently induced into
purchasing the goods.

82.     In accordance with N.J.S.A. 2A:32-1, et seq. and the
allegations presented herein, since the contracts of sale
for the goods was the product of fraud, Plaintiff asserts
he is entitled to rescind the contract and to recover the
money that Plaintiff paid said defendants and/or that
defendants obtained under same.

17

83.     Given the inequities of the situation and defendants'
aforesaid misdeeds, the contract should be declared null
and void and an equitable order should be entered
rescinding the contracts and providing a full refund to
Plaintiff, as well as for special ad consequential damages.

**WHEREFORE**, Plaintiff demands judgment against all
defendants named to this count jointly and/or severally for:
(1) Actual damages in the amount of the total contract price
or all monies paid to date thereon; (2) The remedies provided
for under any state and/or federal statutes plead herein,
statutory treble damages, the equitable remedies provided for
under the New Jersey Consumer Fraud Act and/or under the
common law relative to defrauded persons and/or pursuant to
N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable
consequential, incidental, nominal and expectation damages;
and (4) Lawful interest, court costs, attorney's fees and such
other and further relief as the court shall deem equitable and
just.

**COUNT FIVE**

**(BREACH OF EXPRESS WARRANTY)**

84.     At all relevant times, Defendants solely designed,
manufactured, distributed, marketed, and sold the goods and
expressly warranted the goods were legal and lawful to use
in New Jersey.

85.    Moreover, Defendants expressly warranted to the general public and to Plaintiffs that the goods were legal and lawful in design and manufacture. Defendants expressly warranted that the goods were safe to lawful and legal to use in their expected use. Despite Defendants' express warranties, however, the goods sold to Plaintiff were unlawful and illegal to use in New Jersey.

86.    By reason of the foregoing, Defendants has breached its express warranties to Plaintiff and is liable to Plaintiff for such breach.

87.    This intended failure to disclose known defect(s) is malicious, and with willful and wanton disregard of the rights and economic interests of Plaintiff.

88.    As a result of the defendants' actions, Plaintiff have suffered economic damages in value of no less than $10,000,000 emotional stress, mental anguish and other damage.

**WHEREFORE**, Plaintiff demands judgment against all defendants named to this count jointly and/or severally for: (1) Actual damages in the amount of the total contract price or all monies paid to date thereon; (2) The remedies provided for under any state and/or federal statutes plead herein, statutory treble damages, the equitable remedies provided for under the New Jersey Consumer Fraud Act and/or under the

19

common law relative to defrauded persons and/or pursuant to
N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable
consequential, incidental, nominal and expectation damages;
and (4) Lawful interest, court costs, attorney's fees and such
other and further relief as the court shall deem equitable and
just.

## COUNT SIX

### (BREACH OF IMPLIED WARRANTY)

89.   The purchase of the goods by Plaintiff from Defendants
      through authorized dealers, brokers and agents is governed
      by the statutory warranty provision of the Uniform
      Commercial Code ("UCC").

90.   The UCC has been adopted in New Jersey, as well as in every
      state in the United States of America.

91.   Defendants is/are a "merchant" as defined by the UCC.

92.   The goods is/are "goods" as defined by the UCC.

93.   Defendants' express warranty does not and cannot exclude the
      UCC's implied warranty of merchantability and fitness for a
      particular, intended and known purpose or use.

94.   Plaintiff is provided with and may invoke the implied
      warranty of merchantability contained within and provided
      by the UCC.

20

95. The goods violate the provisions of the UCC, in that the goods is/are not "merchantable" because the goods is/are illegal and unlawful to use in New Jersey.

96. Defendants knew and continue to have knowledge of the defect(s) and the resulting breach of the warranty, yet have intentionally failed to notify Plaintiff.

97. Defendants has intentionally failed to disclose known defect(s) and intentionally failed and refused to honor the **warranty.**

98. As a direct and proximate result of the defective goods and defendants' breach of the implied warranty of merchantability, Plaintiff has suffered economic damages of no less than $10,000,000, emotional stress, mental anguish and other **damage.**

**WHEREFORE**, Plaintiff demands judgment against all defendants named to this count jointly and/or severally for: (1) Actual damages in the amount of the total contract price or all monies paid to date thereon; (2) The remedies provided for under any state and/or federal statutes plead herein, statutory treble damages, the equitable remedies provided for under the New Jersey Consumer Fraud Act and/or under the common law relative to defrauded persons and/or pursuant to N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable consequential, incidental, nominal and expectation damages; and (4) Lawful

21

interest, court costs, attorney's fees and such other and
further relief as the court shall deem equitable and just.

## COUNT SEVEN

### (PIERCE OF THE CORPORATE VEILS)

99.  Saleh is the alter ego of and for Defendants TAPFURY LLC;
     TAPFURY, INC.; PRANKDIAL, LLC; and KICKBACK, INC.

100. Saleh has utilized and misused the defendants TAPFURY LLC,
     TAPFURY, INC., PRANKDIAL, LLC and KICKBACK, INC. to
     perpetrate the above frauds, and to accomplish and
     perpetrate the above crimes, or otherwise to evade the law.

     WHEREFORE Plaintiff demands judgment piercing the
     corporate veil of Defendants TAPFURY LLC, TAPFURY, INC.,
     PRANKDIAL, LLC, and KICKBACK, INC. to permit suit against
     and impose personal liability on defendant Saleh.

## COUNT NINE

### (NEGLIGENT MISREPRESENTATION)

101. Defendants negligently failed to disclose defect(s) and
     continuously made negligent misrepresentations regarding
     the legality in use of the goods to Plaintiffs during and
     in relation to the marketing and sales of said goods.

102. Defendants negligently advised the Plaintiff that the goods
     were lawful and legal to use and operate in New Jersey.

103. Defendants negligently advised Plaintiff that they were well-versed in and had extensive experience in ascertaining the legality of using the goods.

104. Plaintiff justifiably relied on defendants' representations to his detriment, and as a result suffered damages.

105. As a direct and proximate result of the defective goods, Plaintiff has suffered economic damages of no less than $10,000,000, emotional stress, mental anguish and other damage.

**WHEREFORE**, Plaintiff demands judgment against all defendants named to this count jointly and/or severally for: (1) Actual damages in the amount of the total contract price or all monies paid to date thereon; (2) The remedies provided for under any state and/or federal statutes plead herein, statutory treble damages, the equitable remedies provided for under the New Jersey Consumer Fraud Act and/or under the common law relative to defrauded persons and/or pursuant to N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable consequential, incidental, nominal and expectation damages; and (4) Lawful interest, court costs, attorney's fees and such other and further relief as the court shall deem equitable and just.

## COUNT TEN

### (FICTITIOUS PARTIES)

106.     At all times relevant, DOE Entities No. 01-10 are

individuals, companies, corporations, or other entities that

are or may be liable for the aforesaid wrongdoing and

damages.

107.     DOE Entities No. 01-10 have not been identified.

**WHEREFORE**, Plaintiff demands judgment against defendants

DOE ENTITIES No. 01-10 jointly and/or severally for:  (1)

Actual damages in the amount of the total contract price or all

monies paid to date thereon; (2) The remedies provided for

under any state and/or federal statutes plead herein, statutory

treble damages, the equitable remedies provided for under the

New Jersey Consumer Fraud Act and/or under the common law

relative to defrauded persons and/or pursuant to N.J.S.A.

2A:32-1, et seq.; (3) Any other applicable consequential,

incidental, nominal and expectation damages; and (4) Lawful

interest, court costs, attorney's fees and such other and

further relief as the court shall deem equitable and just.

## COUNT ELEVEN

### (PUNITIVE DAMAGES)

108.     Pursuant to N.J.S.A. 2A:15-5.9 et seq., plaintiff

demands an award of punitive damages, as the harm suffered

by plaintiff was the result of the defendant's acts or

omissions, and such acts or omissions were actuated by

24

actual malice or accompanied by a wanton and willful
disregard of persons who foreseeably might be harmed by
those acts or omissions.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues
raised herein.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, THOMAS R. ASHLEY, Esq. is designated
as trial counsel in this matter.

## NOTICE PURSUANT TO R. 1:5-1(a) AND R. 4:18-4(c)

Take notice that, pursuant to R. 1:5-1(a) and R. 4:18-4(c),
Plaintiffs hereby demand that each party named in the complaint
that serves or receives pleadings of any nature (including
discovery requests) to or from any other party to the action,
forward copies of same along with any documents provided in
answer or response thereto to counsel for Plaintiffs and take
notice that this is a continuing demand.

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned certifies that, upon their initial review
of this matter, the matters in controversy in this action are
not the subject of any other action pending in any other court
or a pending arbitration proceeding, that no other action or

arbitration proceeding is currently contemplated and that he is unaware of any other parties who currently should be joined to this action.

### CERTIFICATION OF SERVICE PURSUANT TO *N.J.S.A.* 56-8:20

As required by *N.J.S.A.* 56-8:20, the undersigned hereby certifies that on the below date a copy of the Complaint was transmitted upon the following Office via first class United States Mail, postage prepaid:

Office of the Attorney General
Richard J. Hughes Justice Complex,
P.O. Box 80
Trenton, NJ, 08625-0080.

I certify that the foregoing information in this certification is true and correct and if any of such information is willfully false, that I am subject to punishment.

LAW OFFICE OF THOMAS R. ASHLEY, ESQ.
ATTORNEYS FOR PLAINTIFF EADY

By:
_____/S/_____
   *THOMAS R. ASHLEY, ESQ.*

LAW OFFICE OF MARIA A. TURCO, LLC
CO-COUNSEL FOR PLAINTIFF EADY

By:
_____/S/_____
   *JOHN D. GULYAS, ESQ.*

Dated:      June 5, 2019